OPINION
Defendant-appellant, Darryl Davis, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950. On December 1, 1986, the Franklin County Grand Jury indicted appellant on one count of rape, two counts of kidnapping, one count of robbery, one count of having weapons while under a disability, and one count of receiving stolen property. On April 14, 1987, appellant pled guilty to the rape and receiving stolen property charges. The trial court accepted the plea and sentenced appellant accordingly. The remaining counts were dismissed.
Subsequently, on October 5, 1999, the trial court held a hearing to determine whether appellant should be labeled a sexual predator. Appellant testified at the hearing. The trial court also admitted into evidence certified copies of the indictment, appellant's guilty plea form, the entry of conviction, a copy of the entry of conviction of a prior offense of receiving stolen property, a post-sentence investigation report, and a copy of appellant's institutional master file. As well, the trial court admitted into evidence a record of appellant's previous offenses. Thereafter, the trial court issued a judgment entry finding appellant to be a sexual predator.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT'S DECISION FINDING APPELLANT TO BE A "SEXUAL PREDATOR" AS DEFINED BY 2950.01(E) IS CONTRARY TO THE WEIGHT OF THE EVIDENCE.
In his sole assignment of error, appellant asserts that the trial court erred in finding him to be a sexual predator because the evidence fails to establish that he is likely to commit future sexually-oriented offenses. We agree.
A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court is required to consider all relevant factors, including, but not limited to, those factors listed in R.C. 2950.09(B)(2). The issue in a sexual predator hearing is whether the state has proved by clear and convincing evidence that the defendant is likely to engage in future sexually-oriented offenses. R.C. 2950.09(B)(3);State v. Cook (1998), 83 Ohio St.3d 404, 407. Clear and convincing evidence is evidence that will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. v. Massengale
(1991), 58 Ohio St.3d 121, 122.
Sexual predator determinations should be analyzed on a case-by-case basis. State v. Ivery (May 23, 2000), Franklin App. No. 99AP-628, unreported. As we have previously recognized, while many of the factors listed in R.C. 2950.09(B)(2) relate to the specific facts of the underlying offense, implication of those factors, in and of themselves, do not always establish by clear and convincing evidence that a defendant is likely to commit a sexually-oriented offense in the future. State v. Alvarez (Feb. 15, 2000), Franklin App. No. 99AP-575, unreported; State v.Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported.
In this case, although a few of the factors listed in R.C. 2950.09(B)(2) are implicated, we conclude that the state did not meet its burden of establishing by clear and convincing evidence that appellant is likely to commit future sex offenses. The record establishes that appellant has been convicted of no sexually-oriented offenses other than the underlying offense. The sexual contact in this offense was not part of a demonstrated pattern of abuse. The offense involved one victim and appellant did not use drugs or alcohol to impair the victim. As well, appellant testified that he completed three courses that provided sex-offender counseling. Participation in available sex-offender programs is a factor weighing against a sexual predator determination. R.C. 2950.09(B)(2)(f).
Based on the above, we conclude that the trial court erred in finding appellant to be a sexual predator. Accordingly, we sustain appellant's single assignment of error, reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 _______________ KENNEDY, J.
DESHLER and GEORGE, JJ., concur.
GEORGE, J., retired of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.